Defendant-appellant Debra Lucas appeals the October 2, 1998 Journal Entry Default Judgment entered by the County Court for Perry County, granting judgment against appellant in the amount of $1,976.46. Plaintiff-appellee is Randy Buckley[1].
 STATEMENT OF THE CASE AND FACTS
On June 15, 1998, appellee filed a complaint in forcible entry and detainer against appellant. Appellee's prayer for relief stated:
 WHEREFORE, Plaintiff demands judgment against the Defendant for restitution of the premises, for the sum of $560.00, for further rental amounts that may accrue during the pendency of this action, for costs and attorney fees, and for such other relief as may be just and equitable.
No dollar amount was specified other than "$560.00." On July 9, 1998, appellee and appellant appeared in court for a hearing relative to appellee's demand for restitution of the premises. On the same day, the trial court bifurcated appellee's claim for damages from his demand for restitution of the premises. By Entry filed July 10, 1998, the trial court issued a writ of restitution ordering appellant be removed from the premises by 1:10 p.m. on July 19, 1998.
Appellant never filed an answer. Appellee filed a Motion for Default Judgment on his bifurcated claim for damages on September 30, 1998. Attached to his motion was an affidavit in support of default judgment showing a total due of $1,976.46.
Via Journal Entry Default Judgment filed October 2, 1998, the trial court found appellant in default for failing to file a Motion or Answer, and awarded appellee judgment against appellant in the amount of $1,976.46. It is from that judgment appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AWARDED DEFAULT JUDGMENT EXCEEDING THE DEMAND IN PLAINTIFF/APPELLEE'S COMPLAINT.
Civ. R. 54(C) provides:
 Demand for Judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings.
In Glazier v. Hall (Aug. 9, 1994), Ashland App. No. 1076, unreported, this Court held once a plaintiff's second count for monetary damages is separated from a plaintiff's complaint in forcible entry and detainer, all future proceedings on the separate claim for money damages must be governed by the civil rules. Id. at 3.
In Glazier, the plaintiff demanded judgment in the amount of $230.00 ". . . plus rent pro-rated to the date of possession by the plaintiff; and for his costs herein expended." Id. at 1. Like the case sub judice, the plaintiff in Glazier filed a motion for default judgment accompanied by a letter itemizing his damages, which included expenses for cleaning and hauling, and repairs.
In reversing the trial court's damage award inGlazier, we held ". . . the civil rules, indeed fundamental due process, require that a defendant not be subjected to additional, unpled monetary liability as a consequence of his failure to answer a complaint simply by attaching the monetary claim to the forcible entry and detainer claim." Id. at 3. InGlazier, this Court entered final judgment for the plaintiff for rent past due ($230), pro-rated rent through date of restitution, and court costs.
Applying the rationale we expressed in Glazier to the casesub judice, we believe appellant was on notice of her potential liability for rent past due ($560), rent pro-rated to the date of restitution on July 19, 1998 ($171.57), costs ($45.00), and attorney fees ($150). The language "for such other relief as may be just and equitable" found in the prayer of the complaint is insufficient to put appellant on notice of appellee's claimed damages for "Restoration Premises" expenses totaling $1,049.89. In order to recover said "Restoration Premises" expenses through a default judgment, appellee should have filed an amended complaint. Having failed to do so, we find the trial court erred in awarding appellee those damages.
Appellant's assignment of error is sustained.
The judgment of the Perry County Court is reversed.
By: Hoffman, J., Gwin, P.H. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court is reversed. Pursuant to App. R. 12(C), we hereby enter final judgment in favor plaintiff-appellee Randy Buckley against defendant-appellant Debra Lucas in the amount of $926.57. Costs assessed to appellee.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Appellee has failed to file a brief with this Court. Pursuant to App. R. 18(C), we accept appellant's statement of the facts and issues as correct.